STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY R. LEGG,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0510** (BOR Appeal No. 2048892)
                    (Claim No. 2011040576)

**WEST VIRGINIA MINE POWER, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Gary R. Legg, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Mine Power, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 29, 2014, in which the Board affirmed an October 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 7, 2011, decision granting Mr. Legg a 2.56% permanent partial disability award related to his occupational noise induced hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Legg worked as a coal miner for over thirty-eight years, which included some time as an employee of West Virginia Mine Power, Inc., but on March 17, 2009, he retired. Over two years later, Holly Lantz, Au.D., CCC-A, performed audiometric testing on him and determined that he had a right ear four frequency air conduction total of 190 decibels and a left ear air conduction total of 175 decibels. Mr. Legg filed an application for workers' compensation benefits for occupational noise induced hearing loss based on these results. Following his application, Christopher White, D.O., evaluated Mr. Legg and determined that he had significant

1

exposure to occupational noise during his work around coal mining equipment. Dr. White found that the results of Ms. Lantz's four frequency air conduction testing equated to 14.85% whole person impairment for hearing loss. Robert Walker, CCC-A, then conducted a second round of audiometric testing which showed that Mr. Legg had a right ear four frequency bone conduction total of 115 decibels and a left ear bone conduction total of 155 decibels. P. C. Corro, M.D., evaluated Mr. Legg based on this audiogram and found that he had 2.56% whole person impairment. He also found that no impairment rating should be given for speech discrimination because the test results were within normal limits. On October 7, 2011, the claims administrator granted Mr. Legg a 2.56% permanent partial disability award based on Dr. Corro's recommendation. Considering the discrepancy between Dr. White's and Dr. Corro's impairment recommendations, a third evaluation was authorized with David A. Phillips, M.D. Based on audiometric testing conducted by Catherine Monk, CCC-A, Dr. Phillips found that Mr. Legg had a right ear four frequency bone conduction total of 205 decibels and a left ear bone conduction total of 175 decibels. Dr. Phillips found that there was a conductive pattern to Mr. Legg's hearing loss and therefore, utilized only the bone conduction totals. He also adjusted the left ear bone conduction total to 125 decibels to account for the likelihood that non-occupational factors contributed to Mr. Legg's hearing loss. Dr. Phillips also noted that Mr. Legg had reduced speech discrimination. He found 1% impairment for speech discrimination and 3.3% impairment for the four frequency bone conduction totals which combined for a 4.3% whole person impairment rating for hearing loss. On October 1, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 29, 2014, leading Mr. Legg to appeal.

The Office of Judges concluded that the evidence in the record demonstrated that Mr. Legg had 2.56% whole person impairment related to occupational hearing loss and was, therefore, entitled to a 2.56% permanent partial disability award. The Office of Judges based this determination on the evaluation of Dr. Corro. The Office of Judges found that he properly relied on the bone conduction totals within Mr. Walker's audiometric testing. The Office of Judges considered the recommendation of Dr. Phillips, but it found that Dr. Corro's opinion was more reliable than Dr. Phillips's because Dr. Phillips's narrative and impairment calculation involved considerable speculation regarding the non-occupational factors affecting Mr. Legg's hearing loss. The Office of Judges also considered the recommendation of Dr. White. It found, however, that his evaluation was not consistent with West Virginia Code of State Rules § 85-20-47.6 (2006) because he calculated Mr. Legg's impairment from the four frequency air conduction totals. The Office of Judges determined that Dr. Corro's impairment recommendation based on bone conduction totals was a more accurate reflection of Mr. Legg's impairment because it did not compensate Mr. Legg for conductive loss. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Legg has not demonstrated that he is entitled to any greater than a 2.56% permanent partial disability award for his occupational hearing loss. The evaluation of Dr. Corro was based on credible audiometric test results, and his evaluation was consistent with the preference in West Virginia Code of State Rules § 85-20-47.6 for an impairment rating based on bone conduction testing. The Office of Judges was within its discretion in relying on Dr. Corro's

opinion. The Office of Judges also provided sufficient and justified reasons for not relying on the recommendations of Dr. Phillips or Dr. White. The Office of Judges did not commit any reversible error in disregarding their opinions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II